## Isaac W. George, Appellee, v. County of DeKalb, Appellant.

### Gen. No. 9,051.

Opinion filed April 13, 1936.

LATHAM CASTLE, State's Attorney, for appellant.

CASSIUS POUST and L. FRANK MOUDRY, both of Sycamore, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee was a former sheriff of DeKalb county. This case originated by appellee, as claimant, filing his claim with the board of supervisors of said county for the sum of $847.69, claimed as a balance due him for his salary as sheriff. The claim was denied by the county board and an appeal was taken to the circuit court of said county, pursuant to statute, Ill. State Bar Stats. 1935, ch. 34, ¶ 38 (ch. 34, sec. 35 et seq., Smith-Hurd 1935). The cause was heard before the court and judgment rendered for appellee in the sum of $847.69. The county prosecutes this appeal from the above judgment.

It is the contention of appellee that at the expiration of his term of office as sheriff of said county, there was a balance of $847.69 due him for salary as such officer. He claims that during his tenure of office, he paid into the county $3,702.93 as excess fees, and that by virtue of Ill. State Bar Stats. 1935, ch. 53, ¶ 69 (sec. 69 of ch. 53, Smith-Hurd 1935), he is entitled to be paid the balance of his salary from such excess fees collected by him and turned over to the county.

He claims that during his term of office he turned over to the county treasurer the sum of $4,336.90 which should be considered as earnings of his office. It was appellee's custom to keep and feed federal prisoners at the county jail. For this privilege, he paid to the county the sum of 10 cents per day for each of such prisoners. It was in this manner that the above sum of $4,336.90 was created. Appellee urges that by agreement with the county board, this per diem fee of

10 cents per day for the privilege of keeping federal prisoners in the county jail, was to be considered and treated as earnings of his office. While these things are argued by appellee in his brief, yet he admits there is no evidence in the record as to any of them except that the semiannual reports as filed by appellee show a total sum of $4,336.90 received by him for feeding federal prisoners, and that such sum was turned over to the county.

DeKalb county is a county of the second class. Article X of the Constitution of 1870 provides how the salary of the sheriff shall be paid. Ill. State Bar Stats. 1935, ch. 53, ¶ 33 (sec. 37, ch. 53, Smith-Hurd 1935) classifies the fees of the sheriff's office of counties of the second class.

The statute provides that appeals of this character shall be in the nature of appeals from justices of the peace. These provisions clearly require that the trial in the circuit court shall be *de novo,* upon such evidence as the parties may produce. Sufficient competent evidence must be adduced to support the finding. No formal pleadings are required in actions of this character. However, the appellant was contesting appellee's claim for the balance alleged by him to be due as salary, and was denying his right to same. Appellee confined his proof of claim to testimony going to establish the right to its introduction in evidence. He was present at the trial, but did not testify. His claim was not an account stated between the parties, as it had never been accepted by the defendant. It was merely a statement of account about which the parties were in dispute. In an action on an account, the plaintiff's account is not in its nature self-proving. Some testimony is required tending to prove its correctness and the fact that it is due and owing to the plaintiff, before such plaintiff shows a right to recovery. The plaintiff offered no testimony sufficient to demonstrate the

above facts. Plaintiff's statement of account, when contested and denied by defendant, is not within itself sufficient evidence to establish the claim. The denial put the plaintiff to other proof of the items set forth in his statement of account. We are of the opinion that this case closed without such proof. There was therefore no competent evidence to sustain the finding.

For the reason indicated, the judgment herein is reversed and the cause remanded.

*Reversed and remanded.*